**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA**

**NELSON HENRY**,                                            Case #:

       Plaintiff,

vs.

**TRUE VALUE COMPANY, LLC.,**
       a Foreign For-Profit Corporation

and

**WALMART INC.,**
       a Foreign For-Profit Corporation

       Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW, Plaintiff, NELSON HENRY, by and through her undersigned counsel, and hereby sue Defendants TRUE VALUE COMPANY, LLC., and WALMART INC., and file this Complaint and Demand a Jury Trial allege as follows:

## GENERAL ALLEGATIONS

1. This is an action for damages that exceeds Thirty Thousand ($30,000.00) Dollars, exclusive of interest and costs.

2. At all material times, Plaintiff, NELSON HENRY, resided in Palm Beach County, Florida.

3. At all material times, Defendant, TRUE VALUE COMPANY, LLC., ("TRUE VALUE") was a foreign corporation, with a principal place of business in Chicago, IL, at which principal officers maintain office(s) to direct the business of the company, and which transacts a substantial amount of business in Palm Beach County, Florida.

NOT A CERTIFIED COPY

4. At all material times, and at the time of the incident complained of herein, Defendant TRUE VALUE was actually doing business in Palm Beach County, Florida, by virtue of its designing, assembling, manufacturing, shipping, promoting, selling, and/or placing into the stream of commerce a Yongkang Beiqin Industry & Trade Co, Ltd., shower chair and other goods of the kind in Palm Beach County, Florida.

5. Defendant TRUE VALUE has substantial and not isolated contact with the State of Florida and is subject to the general jurisdiction of the Florida Courts.

6. At all material times, Defendant, WALMART INC., ("WALMART") was a foreign corporation, with employees, agents, and representatives in Palm Beach County, Florida, and otherwise transacts substantial business in Palm Beach County, Florida.

7. At all material times, and as the time of the incident complained of herein, Defendant WALMART was actually doing business in Palm Beach County, Florida, by virtue of distributing, promoting, selling, and/or placing into the stream of commerce the Zaqw shower chair and other goods of the kind in Palm Beach County, Florida.

8. Defendant WALMART has substantial and not isolated contact with the State of Florida and is subject to the general jurisdiction of the Florida Courts.

9. At all material times, Defendant TRUE VALUE marketed itself as a national leading consumer products company that specializes in the design, engineering, marketing and manufacturing of hardlines products, including through its Zaqw shower chairs brand.

10. At all material times, Defendant TRUE VALUE designed, developed, manufactured, marketed, distributed, and sold numerous products under several brand names, including without limitation "Zaqw shower chair."

11. At all material times, and at the time of the incident complained of herein, one of the products designed, developed, manufactured, marketed, distributed, and sold by Defendant TRUE VALUE under the Zaqw shower chair brand name was its Non-slip Elderly Bath Seat Bathtub Chair.

12. Prior to November 14, 2019, Defendant TRUE VALUE distributed and/or sold the Zaqw Non-slip Elderly Bath Seat Bathtub Chair and thereby caused it to be released into the stream of commerce.

13. Prior to November 14, 2019, Defendant TRUE VALUE designed, tested, manufactured, distributed, and/or sold the subject the Zaqw Non-slip Elderly Bath Seat Bathtub Chair. ("subject shower chair").

14. At all material times, Defendant WALMART was and is a commercial seller, retailer, and distributor of general merchandise.

15. At all material times, Defendant WALMART was and is engaged in the business of selling or otherwise distributing a variety of products to consumers and professionals, including the subject shower chair and similar products.

16. Prior to November 14, 2019, Defendant WALMART sold the subject shower chair to Plaintiff NELSON HENRY in Palm Beach County, thereby placing the product into the stream of commerce, in approximately 2019.

17. On November 14, 2019, Plaintiff NELSON HENRY had the subject shower chair, in the normal and customary manner. At that time, while sitting on the subject shower chair and using it with due care, the metal legs bent, catastrophically failing, causing the shower chair to be unstable and Plaintiff NELSON HENRY to fall in the bath tub in Palm Beach County,

Florida.  This was despite having maintained the shower chair in a good working condition and storing the shower chair in a proper manner since the time of purchase.

## COUNT I – NEGLIGENCE OF DEFENDANT TRUE VALUE

18.   Plaintiff NELSON HENRY adopts and realleges paragraphs one (1) through seventeen (17) as though fully set forth herein.

19.   Defendant TRUE VALUE was engaged in the business of designing, manufacturing, assembling, and selling the Zaqw Non-slip Elderly Bath Seat Bathtub Chair (including the subject shower chair), which Defendant TRUE VALUE knew would be purchased and used by the general public.

20.   Defendant TRUE VALUE designed, manufactured, assembled, distributed, and/or sold the subject shower chair involved in this action, thereby placing it in the stream of commerce.

21.   Defendant TRUE VALUE knew, or in the exercise of reasonable care, should have known, that the subject shower chair (and those similar to it) were not properly designed, manufactured, assembled, tested, inspected, and sold, and knew, or in the exercise of reasonable care, should have known, that the subject shower chair (and those similar to it) created an unreasonable risk of harm to persons, such as Plaintiff NELSON HENRY.

22.   Defendant TRUE VALUE owed a duty of reasonable care to Plaintiff NELSON HENRY and the consuming public to design, assemble, and/or manufacture its shower chairs, including the subject shower chair, in such a manner that it would be free of defects, safe, and not pose an unreasonable risk of harm to the life and safety of Plaintiff NELSON HENRY and the consuming public when utilized in a normal operation and foreseeable situations.

23.   Defendant TRUE VALUE owed a duty of reasonable care to convey to consumers and users a fair and adequate warning of the dangerous characteristics of the subject shower chair so that users, in the exercise of reasonable care, would have fair and adequate notice of the possible consequence of using the subject shower chair.

24.   Defendant TRUE VALUE breached its duty(ies) of care by negligently designing, manufacturing, assembling, testing, inspecting, and selling the subject shower chair, in some and/or all of the following respects:

   a.   Designing it such that the shower chair had a structural weak point and/or defect that could fail while in normal operation;

   b.   Manufacturing it such that the shower chair had a structural weak point and/or defect that could fail while in normal operation;

   c.   Assembling it such that the shower chair had a structural weak point and/or defect that could fail while in normal operation;

   d.   Using materials in the construction of the shower chair that could fail while in normal operation;

   e.   By knowing of potential for the shower chair to structurally fail and failing to give reasonable and adequate warning to users of the potential for the shower chair to structurally fail and/or other dangerous propensity;

   f.   By selecting materials for the construction of the shower chair that were insufficient for maintaining the structural rigidity intended for normal operation;

   g.   By marketing the product in such a way as to mislead customers as to the safety of the product;

h.  By marketing the product in such a way as to mislead customers as to the safe useful life of the product; and

i.  By failing to inform the public as to a known condition in the product which makes it the product unreasonably dangerous during normal use.

25.  As a direct and proximate result of the aforementioned negligent acts and/or omissions of Defendant TRUE VALUE, the subject shower chair's legs bent and collapsed with Plaintiff NELSON HENRY on the shower chair.

26.  As a direct and proximate result of the aforementioned acts and/or omissions of Defendant TRUE VALUE, Plaintiff NELSON HENRY suffered and suffers bodily injury and resulting pain and suffering, disability, emotional distress, mental anguish, loss of capacity for the enjoyment of life, inconvenience, hospitalization, medical and nursing care and treatment, and/or aggravation of previously existing condition.  Furthermore, Plaintiff NELSON HENRY has suffered a loss of income and/or future earning capacity. These losses are either permanent and/or continuing in nature and Plaintiff NELSON HENRY will suffer these losses in the future.

WHEREFORE, Plaintiff NELSON HENRY sues Defendant TRUE VALUE and demands judgment for compensatory damages and consequential damages in excess of the minimum jurisdictional limits of this Honorable Court of THIRTY THOUSAND ($30,000.00) DOLLARS including interest on all liquidated damages, attorneys' fees pursuant to any applicable offer of judgment statute and/or rule, taxable costs, and demands trial by jury of all issues so triable as a matter of right.

### COUNT II – STRICT LIABILITY CLAIM AGAINST DEFENDANT TRUE VALUE

27. Plaintiff NELSON HENRY adopts and realleges paragraphs one (1) through seventeen (17) as though fully set forth herein.

28. Defendant TRUE VALUE was engaged in the business of designing, manufacturing, assembling, and selling the Zaqw Non-slip Elderly Bath Seat Bathtub Chair (including the subject shower chair), which Defendant TRUE VALUE knew would be purchased and used by the general public.

29. Defendant TRUE VALUE designed, manufactured, assembled, distributed, and/or sold the subject shower chair involved in this action, thereby placing it in the stream of commerce.

30. On November 14, 2019, the subject shower chair was being used for the purpose for which it was intended and in a manner reasonably foreseeable to Defendant TRUE VALUE.

31. Defendant TRUE VALUE designed, manufactured, assembled, inspected, tested, distributed, and sold the subject shower chair in a manner so as to render the subject shower chair defective and unsafe for its intended use, due to the following without limitation:

    a. The subject shower chair was not reasonably fit for the uses intended or reasonably foreseeable by Defendant TRUE VALUE;

    b. The subject shower chair was in a condition unreasonably dangerous to Plaintiff NELSON HENRY, in that the subject shower chair could fail or bend while being used;

    c. The subject shower chair was designed with a structural weak point and/or defect that could fail while in normal operation;

    d. The subject shower chair was manufactured with a structural weak point and/or defect that could fail while in normal operation;

NOT A CERTIFIED COPY

e. The subject shower chair was assembled with a structural weak point and/or defect that could fail while in normal operation;

f. The subject shower chair was constructed with materials such that the shower chair that could fail while in normal operation;

g. By knowing of potential for the shower chair to structurally fail and failing to give reasonable and adequate warning to users of the potential for the shower chair to structurally fail and/or other dangerous propensity;

h. By selecting materials for the construction of the shower chair that were insufficient for maintaining the structural rigidity intended for normal operation;

i. The subject shower chair lacked reasonable and adequate warnings to users of the subject shower chair as to its dangerous propensity; and/or

j. The subject shower chair was designed, manufactured, and assembled using an unsafe plan or design and with materials, components, and metals which would cause the shower chair to fail and bend during operation.

32. The subject shower chair was defective when it left the possession of Defendant TRUE VALUE, and was expect to, and did reach, the operator/user/owner without substantial change in its condition.

33. Defendant TRUE VALUE's design, manufacturing, assembling, testing, inspection, distribution, and sale of the subject shower chair caused the defective and unsafe condition as described and referenced herein, which was the proximate cause of the failure of the shower chair and the subsequent fall by Plaintiff NELSON HENRY and as a result Defendant TRUE VALUE is strictly liable in tort to Plaintiff NELSON HENRY.

34.    As a direct and proximate result of the aforementioned acts and/or omissions of Defendant TRUE VALUE, Plaintiff NELSON HENRY suffered and suffers bodily injury and resulting pain and suffering, disability, emotional distress, mental anguish, loss of capacity for the enjoyment of life, inconvenience, hospitalization, medical and nursing care and treatment, and/or aggravation of previously existing condition. Furthermore, Plaintiff NELSON HENRY has suffered a loss of income and/or future earning capacity. These losses are either permanent and/or continuing in nature and Plaintiff NELSON HENRY will suffer these losses in the future.

WHEREFORE, Plaintiff NELSON HENRY sues Defendant TRUE VALUE and demands judgment for compensatory damages and consequential damages in excess of the minimum jurisdictional limits of this Honorable Court of THIRTY THOUSAND ($30,000.00) DOLLARS including interest on all liquidated damages, attorneys' fees pursuant to any applicable offer of judgment statute and/or rule, taxable costs, and demands trial by jury of all issues so triable as a matter of right.

## COUNT III – NEGLIGENCE OF DEFENDANT WALMART

35.    Plaintiff NELSON HENRY adopts and realleges paragraphs one (1) through seventeen (17) as though fully set forth herein.

36.    Defendant WALMART was engaged in the business of marketing, promoting, distributing, and selling the Zaqw Non-slip Elderly Bath Seat Bathtub Chair (including the subject shower chair), which Defendant WALMART knew would be purchased and used by the general public, including Plaintiff NELSON HENRY.

37.    Defendant WALMART marketed, promoted, distributed, sold, and/or placed into the stream of commerce the subject shower chair involved in this action.

38.    Defendant WALMART knew, or in the exercise of reasonable care, should have known, that the subject shower chair (and those similar to it) were not properly designed, manufactured, assembled, tested, inspected, and sold, and knew, or in the exercise of reasonable care, should have known, that the subject shower chair (and those similar to it) created an unreasonable risk of harm to persons using or operating the shower chair, such as Plaintiff NELSON HENRY.

39.    Defendant WALMART owed a duty of reasonable care to convey to consumers and users a fair and adequate warning of the dangerous characteristics of the subject shower chair so that users, in the exercise of reasonable care, would have fair and adequate notice of the possible consequence of using the subject shower chair.

40.    Defendant WALMART owed a duty of reasonable care to consumers and users to inspect the shower chair it distributes and/or sells, including the subject shower chair, and to distribute and/or sell shower chair which are reasonable safe for the users or consumers.

41.    Defendant WALMART breached its duty(ies) of care by negligently distributing and/or selling the subject shower chair, in some and/or all of the following respects:

a.    Distributing and/or selling a shower chair had a structural weak point and/or defect that could fail while in normal operation;

b.    Distributing and/or selling a shower chair that used materials in the construction of the shower chair that could fail while in normal operation;

c.    By knowing of the potential for the shower chair to structurally fail and failing to give reasonable and adequate warning to users of the potential for the shower chair to structurally fail and/or other dangerous propensity;

d.  By selecting materials for the construction of the shower chair that were insufficient for maintaining the structural rigidity intended for normal operation;

e.  By marketing the product in such a way as to mislead customers as to the safety of the product;

f.  By marketing the product in such a way as to mislead customers as to the safe useful life of the product; and

g.  By failing to inform the public as to a known condition in the product which makes it the product unreasonably dangerous during normal use.

42.  As a direct and proximate result of the aforementioned negligent acts and/or omissions of Defendant WALMART, the subject shower chair's legs bent and collapsed with Plaintiff NELSON HENRY on the shower chair.

43.  As a direct and proximate result of the aforementioned acts and/or omissions of Defendant WALMART, Plaintiff NELSON HENRY suffered and suffers bodily injury and resulting pain and suffering, disability, emotional distress, mental anguish, loss of capacity for the enjoyment of life, inconvenience, hospitalization, medical and nursing care and treatment, and/or aggravation of previously existing condition.  Furthermore, Plaintiff NELSON HENRY has suffered a loss of income and/or future earning capacity. These losses are either permanent and/or continuing in nature and Plaintiff NELSON HENRY will suffer these losses in the future.

WHEREFORE, Plaintiff NELSON HENRY sues Defendant WALMART and demands judgment for compensatory damages and consequential damages in excess of the minimum jurisdictional limits of this Honorable Court of THIRTY THOUSAND ($30,000.00) DOLLARS including interest on all liquidated damages, attorneys' fees pursuant to any applicable offer of

judgment statute and/or rule, taxable costs, and demands trial by jury of all issues so triable as a matter of right.

## COUNT IV – STRICT LIABILITY CLAIM AGAINST DEFENDANT WALMART

44.     Plaintiff NELSON HENRY adopts and realleges paragraphs one (1) through seventeen (17) as though fully set forth herein.

45.     Defendant WALMART was engaged in the business of marketing, promoting, distributing, and selling the Zaqw Non-slip Elderly Bath Seat Bathtub Chair (including the subject shower chair), which Defendant WALMART knew would be purchased and used by the general public, including Plaintiff NELSON HENRY.

46.     Defendant WALMART marketed, promoted, distributed, sold, and/or placed into the stream of commerce the subject shower chair involved in this action.

47.     On November 14, 2019, the subject shower chair was being used for the purpose for which it was intended and in a manner reasonably foreseeable to Defendant WALMART.

48.     Defendant WALMART designed, manufactured, assembled, inspected, tested, distributed, and sold the subject shower chair in a manner so as to render the subject shower chair defective and unsafe for its intended use, due to the following without limitation:

    a.   The subject shower chair was not reasonably fit for the uses intended or reasonably foreseeable by Defendant WALMART

    b.   The subject shower chair was in a condition unreasonably dangerous to Plaintiff NELSON HENRY, in that the subject shower chair could fail or bend while being used;

c.  The subject shower chair was designed with a structural weak point and/or defect that could fail while in normal operation;

d.  The subject shower chair was manufactured with a structural weak point and/or defect that could fail while in normal operation;

e.  The subject shower chair was assembled with a structural weak point and/or defect that could fail while in normal operation;

f.  The subject shower chair was constructed with materials such that the shower chair that could fail while in normal operation;

g.  By knowing of potential for the shower chair to structurally fail and failing to give reasonable and adequate warning to users of the potential for the shower chair to structurally fail and/or other dangerous propensity;

h.  By selecting materials for the construction of the shower chair that were insufficient for maintaining the structural rigidity intended for normal operation;

i.  The subject shower chair lacked reasonable and adequate warnings to users of the subject shower chair as to its dangerous propensity; and/or

j.  The subject shower chair was designed, manufactured, and assembled using an unsafe plan or design and with materials, components, and metals which would cause the shower chair to fail and bend during operation.

49.  The subject shower chair was defective when it left the possession of Defendant WALMART, and was expect to, and did reach, the operator/user/owner without substantial change in its condition.

50.  The subject shower chair was defective, as alleged herein, when it was first placed into the stream of commerce.

NOT A CERTIFIED COPY

51.   Defendant WALMART'S marketing, promoting, distribution, and sale of the subject shower chair, which was defective and unsafe as described and alleged herein, was the proximate cause of the failure of the shower chair and the subsequent fall by Plaintiff NELSON HENRY and as a result Defendant WALMART is strictly liable in tort to Plaintiff NELSON HENRY.

52.   As a direct and proximate result of the aforementioned acts and/or omissions of Defendant WALMART, Plaintiff NELSON HENRY. suffered and suffers bodily injury and resulting pain and suffering, disability, emotional distress, mental anguish, loss of capacity for the enjoyment of life, inconvenience, hospitalization, medical and nursing care and treatment, and/or aggravation of previously existing condition. Furthermore, Plaintiff NELSON HENRY has suffered a loss of income and/or future earning capacity. These losses are either permanent and/or continuing in nature and Plaintiff NELSON HENRY will suffer these losses in the future.

WHEREFORE, Plaintiff NELSON HENRY sues Defendant WALMART and demands judgment for compensatory damages and consequential damages in excess of the minimum jurisdictional limits of this Honorable Court of THIRTY THOUSAND ($30,000.00) DOLLARS including interest on all liquidated damages, attorneys' fees pursuant to any applicable offer of judgment statute and/or rule, taxable costs, and demands trial by jury of all issues so triable as a matter of right.

**DESIGNATION OF EMAIL ADDRESS**

Pursuant to Rule 2.516 of the Florida Rules of Judicial Administration, Counsel for Plaintiff hereby designates the following primary email address for service of court documents:

Info@ColinRichardsLaw.com, Colin@ColinRichardsLaw.com, and

ColinRichardsLaw@gmail.com.

Dated this 19th day of March 2023.

Respectfully submitted,

Colin Richards Esq.
Colin Richards Law P.A.
Address: 900 Osceola Drive Suite 201
West Palm Beach, FL 33409
Telephone: 561-425-4000
Email: ColinRichardsLaw@gmail.com
    Info@ColinRichardsLaw.com
    Colin@ColinRichardsLaw.com
    By: /s/Colin Richards Esq.
    Colin Richards Esq.
    Florida Bar No.: 0109234
    *Attorney for Plaintiff*

NOT A CERTIFIED COPY